Wilbur M. Hoffman v. Commissioner.
Hoffman v. Commissioner
Docket No. 25622.
United States Tax Court
1951 Tax Ct. Memo LEXIS 233; 10 T.C.M. (CCH) 451; T.C.M. (RIA) 51145; May 14, 1951
Wilbur M. Hoffman, pro se. Edward C. Adams, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined a deficiency in income tax for the calendar year 1948 in the amount of $96. The issues are: (1) Did petitioner incur a deductible loss in that year in connection with the operation of a mink ranch and, if so, in what amount? (2) Is petitioner entitled to a deduction for expenses incurred in selling life insurance in 1948 and, if so, in what amount? Findings of Fact Petitioner is a resident of Stanley, Wisconsin. He filed original and amended individual income tax returns, Form 1040, and Schedule of Farm Income and Expenses, Form 1040 F, for the calendar year 1948 with the collector of internal revenue for the *234 district of Wisconsin. He stated his occupation as "Accountant, Life Insurance Agent, Mink Farm." He reported wages of $1,240.16 from Drummond Pkyg. Co., Eau Claire, Wisconsin. Under Schedule C, "Profit (or Loss) From Business or Profession" he reported total receipts of $61.05 as life insurance agent for the New York Life Insurance Company with business address at Eau Claire, Wisconsin, and business deductions of $365, making a net loss of $303.95. The business deductions were listed as follows: Out of town meals and hotel expenses
$ 30.00
Auto repairs and supplies
10.00
Depreciation on automobile used from
9/1/48
200.00
Gas and oil expense per estimated
5000 miles of business use - 2 1/2" a
mile
125.00
Total
$365.00
Under Schedule F, he explained the depreciation claimed on the automobile by stating that it was acquired in 1937 at a cost of $1,000, that its adjusted basis as of September 1, 1948 was $600, that its estimated useful life was one year from that date, and that it was used by him in selling life insurance from September 1 to December 31, 1948. On Form 1040 F under "Farm Inventory for Income Computed on an Accrual Basis" he listed under *235 opening inventory 27 mink with an inventory value at cost of $1,870. He added to this the amount of $21.60 representing "2 trips by auto from Stanley, Wis. to Glencoe, Minn. to get the mink - 720 miles at 3" a mile". He also added the amount of $50, representing "Interest accrued on contract with rancher from whom the mink were purchased: (John Chastek, Glencoe, Minn.)" computed as follows: 1946 - 11/1 to 12/31, 1% of $800
$ 8.00
1947 - 6% of $700
42.00
Total
$50.00 These figures he added to arrive at a figure of $1,941.60 for total opening inventory. Petitioner reported one mink (platinum male, purchase price, 2 for $330) sold during the year for $45. He listed 32 mink on hand at the end of the year, (having sold 1, lost 6, and raised 12) at a total inventory value of $490. These were shown, it was stated, at pelt values based on current market values. He claimed deductions for farm expenses, totaling $41, of $5 for labor hired "To move mink, 11-48" and $36 for "Interest accrued on contract with rancher from whom the mink were purchased (John Chastek, Glencoe, Minn.) 1948 - 6% of $600". From opening inventory of $1,941.60 petitioner subtracted $535 (representing *236 closing inventory of $490 and sale of $45). To the difference of $1,406.60 he added the $41 of expenses to arrive at a claimed loss on the mink farm of $1,447.60. Petitioner purchased 27 mink in about 1946. He put them on his father's farm, the agreement being that his father would be entitled to half the offspring. The mink did not have the expected number of offspring; he gave his father and brother all of the offspring subsequent to 1948. He discontinued keeping the mink on his father's farm in 1948. At the date of the hearing in October 1950 he still kept 32 mink on another mink farm. While selling insurance in the last four months of 1948 petitioner roomed at Eau Claire, Wisconsin. He used his own automobile to visit prospects in and out of Eau Claire during this period. He kept no record of his expenses. Petitioner incurred expenses selling life insurance in 1948 in an amount not exceeding $61.05. Opinion Petitioner's claim of loss in 1948 on his mink farming venture clearly can not be sustained. As the facts show, at the beginning of that year he owned 27 live mink. He sold one of these 27 during the year but at the end of the year he owned 32 live mink, and at the *237 time of the hearing in October 1950 he still owned 32 live mink. Valuing his opening inventory at cost of $1,870 and adding thereto expenses consisting of accrued interest and labor amounting to $112.60 he subtracted closing inventory valued at $490, the market value of the pelts of the 32 live mink, and the proceeds of sale of 1 mink of $45, arriving at a claimed loss in 1948 on his mink farming venture of $1,447.60. Section 22 (c), Internal Revenue Code, provides for the use in determining income of inventories upon a basis "clearly reflecting the income". Regulations 111, section 29.22 (c)-2, provides for valuation of inventories at (a) cost and (b) cost or market, whichever is lower, and by other methods not material here. It is plain that taxpayer must make his election as to which method to use, and that income is not clearly reflected by valuing opening inventory at cost and closing inventory at market, as petitioner did here. Furthermore, it was obviously erroneous to value the cost of live mink in opening inventory and the market value of pelts in closing inventory. Of the expenses of $112.60 which went into petitioner's computation of loss, only the *238 amount of $41 was accrued or paid in 1948. However, petitioner has not established that he is entitled to treat even this expense, together with the loss of $120 he apparently sustained on the only mink he sold, as his net loss on the farming venture in 1948, in view of his failure to account properly in closing inventory for the value of the five live mink by which his mink stock increased during 1948. He testified that he gave his father and brother all of the offspring, apparently in payment for the use of his father's farm, but this must have occurred subsequent to 1948 since petitioner's closing inventory in 1948 included the offspring. Nor is there any other theory upon which a loss deduction can be allowed on petitioner's mink farming venture in 1948. Petitioner testified that the mink did not increase in the numbers he expected. However, loss of anticipated profits clearly can not support a loss deduction. Coalinga-Mohawk Oil Co., 25 B.T.A. 261; affd. (C.A. 9, 1933) 64 Fed. (2d) 262, cert. denied 290 U.S. 637. Accordingly, the claimed loss must be disallowed in its entirety. Petitioner also claims the right to deduct $200, representing *239 the entire depreciation on his car for the last four months of 1948. He claims he used the car exclusively in selling life insurance during that period. He also claims business and travel expenses in the amount of $165 allegedly incurred in this same occupation. On his return for 1948 he reported total receipts as a life insurance agent of $61.05. Petitioner kept no record of his alleged expenses. Though he stated he "had the books to show the mileage and different prospects that I interviewed," petitioner produced no books and no witnesses at the hearing to support his claims and his own testimony lacked detail. It seems doubtful that petitioner would have incurred expenses of $365, as he claimed, to make insurance commissions amounting only to $61.05, or that, as he claimed, he never once used his privately owned automobile for personal use during the period he was an insurance agent. At any rate, such claims need more substantiation than was furnished here. We can not find, on the record before us, in applying the rule of Cohan v. Commissioner, (C.A. 2, 1930), 39 Fed. (2d) 540, with the utmost liberality, that petitioner's expenses in selling insurance in 1948 were *240 in excess of the $61.05 he reported as receipts in that occupation, and we hold that he is entitled to deduct such expenses only in that amount. Decision will be entered under Rule 50.